UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICIA KENNEDY, Individually,

       Plaintiff,                         Case No. 2:17-cv-14041-JEM

v.

WILLIAM D. MCKNIGHT, individually;
KATHRYN A. MCKNIGHT, individually;

       Defendants.
_____/

## PLAINTINFF'S MOTION TO COMPEL

Plaintiff, by and through undersigned counsel hereby file this Motion To Compel Defendant to provide full and complete answers to Interrogatories, Requests For Production of documents, and Requests for Admission, and state as follows:

1. Plaintiff, a disabled person, commenced the instant pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. (the "ADA"), seeking injunctive relief for the removal of barriers to access present at Defendant's place of public accommodation.

2. Plaintiff propounded Requests for Production, Interrogatories, and Requests for Admission. On July 27, 2017, Defendant responded with various insufficient objections and claims of privilege to Plaintiff's relevant discovery requests.

3. The following are the objections at issue and summary of reasons why the Court should overrule Defendant's objections to Plaintiff's discovery requests:

**A. Defendant's Objections to Plaintiff's Request for Admissions**

- **Request 1:** Admit or deny that the provisions of the Americans with Disabilities Act and certain of the Federal Regulations enacting the Americans with Disabilities Act, 28 CFR Part 36, apply in this action.
- **Response to Request 1:** Objection- request calls for a speculative opinion on may legal issues.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection and the interrogatory seeks determine whether Defendant believes he, as a factual matter, falls within the ambit of the ADA statute.

B. **Defendant's Objections to Plaintiff's Frist Request for Production**

- **Request C:** A copy of any of Defendant's Tax Returns from 1990 through the present or since the Defendant commenced ownership or management of the subject property, whichever is later.
- **Response to Request C:** Privileged- confidential, privacy; Objection- irrelevant, overbroad, unduly burdensome.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection and these discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the implementation of ADA compliance is readily achievable.

- **Request D:** A copy of any and all mortgages secured by the subject property.
- **Response to Request D:** irrelevant, unduly burdensome and harassment as in public records.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection and these discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the implementation of ADA compliance is readily achievable.

- **Request F:** A copy of any and all financial offerings, including applications made to any bank or financial institution by Defendant within the last five years
- **Response to Request F:** Privileged- confidential, privacy; Objection- irrelevant, overbroad, unduly burdensome and harassment.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection as assertion of privilege and these discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the implementation of ADA compliance is readily achievable.  Further, defendant has failed to produce a privilege log.

- **Request G:** A copy of any and all closing statements used in the acquisition of the subject property, if such was made subsequent to 1990.
- **Response to Request G**: Privileged- confidential, privacy; Objection- irrelevant, overbroad, unduly burdensome and harassment.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection as assertion of privilege and these discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the

       implementation of ADA compliance is readily achievable.  Further, defendant has failed to produce a privilege log.

- **Request H:** A copy of any and all tax bills for the subject property within the last three years.
- **Response to Request H:** Objection- irrelevant, overbroad, unduly burdensome and harassment.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection and these discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the implementation of ADA compliance is readily achievable.

- **Request J:** Any and all documents evidencing the number of employees of the Defendant for the last three (3) years, including but not limited to, unemployment compensation tax returns, employee ledgers, and other documentation.  (You may list the number of employees for each year in lieu of these records.)
- **Response to Request J:** Objection- irrelevant, overbroad, unduly burdensome and harassment.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection and these discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the implementation of ADA compliance is readily achievable.

C. **Defendant's Objections to Interrogatories**

- **Request 11:** State with specificity, the Defendant's gross revenue derived from the subject property in each year from January 1, 1990, to date.
- **Response 11**: Privileged-confidential, privacy; Objection - irrelevant, overbroad, unduly burdensome.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection as assertion of privilege and these discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the implementation of ADA compliance is readily achievable.  Further, defendant has failed to produce a privilege log.

- **Request 16:** With respect to each person or entity identified in Answer to Interrogatory number 14 or 15, identify all other corporate or business entities in which they have an ownership interest  of greater than ten percent.
- **Response 16:** Privileged-confidential, privacy; Objection - irrelevant, overbroad, unduly burdensome.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection as assertion of privilege and these discovery requests are entirely relevant to determine which non-parties may have relevant information regarding whether compliance is readily achievable and whether all proper parties have been included.  Further, defendant has failed to produce a privilege log.

- - **Request 17:** Identify, by name and address, all places of public accommodation owned, operated, leased by or leased to any of the individual or entities identified in Answers to Interrogatories 14-16 above that have been the subject of a lawsuit pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181, et seq..   For each such lawsuit:
      a. identify the case number and court in which the case was filed.
      b. identify the contractor, consultant or expert retained or otherwise hired to inspect, provide advice, survey, provide litigation support, or provide construction or contractor services in the remediation, alteration, construction or modification of the subject property to address Title III compliance ADA issues or implement remedial measures.
  - **Response 17:** Objection - irrelevant, overbroad, unduly burdensome.
  - **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection and these discovery requests are entirely relevant to the course and conduct of the Defendant in making prior places of accommodation accessible and whether Defendant has been sued for ADA violations on other properties.

- **Request 18:** Identify, by name and address, all places of public accommodation owned, operated, leased by or leased to any of the individual or entities identified in Answers to Interrogatories 14-16 above that have NOT been the subject of a lawsuit pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181, et seq..   For each such property:
    a. identify the contractor, consultant or expert retained to inspect, provide advice, survey, provide litigation support, or provide construction or contractor services in the remediation, alteration, construction or modification of the subject property to address Title III ADA compliance issues or implement remedial measures.

- **Response 18:** Objection - irrelevant, overbroad, unduly burdensome.
- **Reason The Motion Should Be Granted:** Defendant has made an impermissible boilerplate objection and these discovery requests are entirely relevant to the course and conduct of the Defendant in making prior places of accommodation accessible and whether Defendant has been sued for ADA violations on other properties.

4. Defendant's responses are legally insufficient and Plaintiff's requests are relevant to this action.

WHEREFORE, Plaintiff requests the Court enter an Order (1) overruling Defendant's objections to Plaintiff's discovery requests; (2) finding the Defendant waived its privilege; (3) compelling Defendant to fully respond to the requests and provide documents; (4) awarding fees and costs for making the motion; and (5) grant such other relief as this Court deems is just and proper.

## MEMORANDUM OF LAW

### A.  Defendant Made Boilerplate Objections

The Court must grant Plaintiff's Motion because each of Defendant's objections are nothing more than generalized and boilerplate.  "In the Eleventh Circuit, objections to discovery must be 'plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable.'"  *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) (citing to *Panola Land Buyers Assoc. v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985) and *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982)).  For example, in *Josephs v. Harris Corp*, the "Third Circuit held that the party resisting discovery 'must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive.'"  *Adelman*, 276 F.R.D. at 688 (*citing Josephs,* 677 F.2d at 992).  Similarly, the Middle District of Florida trial courts have routinely held that "[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court."  *Gonzalez v. ETourandTravel, Inc.*, 6:13-CV-827-ORL-36, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014); *see also*, *Siddiq v. Saudi Arabian Airlines Corp.,* No.  6:11–cv–69–Orl–19GJK, 2011 WL 693685 *3 (M.D.Fla. Dec. 7, 2011) (quoting *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D.Fla.2007)); *Adelman*, 276 F.R.D. at 688 ("judges in this district typically condemn boilerplate objections as legally

inadequate or 'meaningless.'"); *Benfatto v. Wachovia Bank N.A.,* No. 08–60646, 2008 WL 4938418 (S.D.Fla. Nov. 19, 2008) (generalized objections are not recognized by this Court).

Defendant uses boilerplate objections in his responses to Plaintiff's Request for Admissions, Request for Production, and Interrogatories. In each instance, Defendant's objections lack enough specificity to determine why each request is objectionable. Rather, Defendant engages in the exact practice prohibited by the Eleventh Circuit and this district. As a result, the Court must grant Plaintiff's Motion to Compel.

### B. Defendant Failed to Provide a Privilege Log

Defendant's claims of privilege should be overruled because the claims are boilerplate and Defendant failed to provide a privilege log. As with its objections, Defendant's assertions of privilege are entirely generic, boilerplate and absolutely worthless to Plaintiff or the Court for purposes of determining whether any such claim has merit. *See, e.g, Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir.) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."), cert. denied, 546 U.S. 939, 126 S.Ct. 428, 163 L.Ed.2d 326 (2005); *accord Universal City Dev. Partners v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 696-96 (M.D.Fla.2005) (adopting *Burlington's* analysis for determining whether claim of privilege has been waived). Therefore, Defendant's claims of privilege must be rejected by the Court.

Defendant also failed to produce a privilege log. Federal Rule of Civil Procedure states: "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make

the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Federal Rule of Civil Procedure 26(b)(5); *see also Capital Corp. Mergers & Acquisitions, Inc. v. Arias Co., Ltd.*, 2006 WL 1208012 (M.D.Fla., 2006) ("This Court has previously held that the privilege log generally is due at the time of the written discovery response to avoid waiver of the privilege."), citing *Universal City Dev. Partners*, 230 F.R.D. at 696; *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner*, 265 F.R.D. 589 (N.D.Fla. 2010) ("a party claiming privilege is obliged to produce a privilege log and its failure to do so means the privilege is waived") (citing a dozen supporting district cases). Because Defendant's various assertions of privilege are entirely generalized and conclusory, they should be rejected and Defendant should be compelled to immediately and fully respond to the requests. Therefore, the Court should overrule Defendant's objections and deem the privilege waived.

### C. Plaintiffs' Discovery Requests Are Relevant To ADA Standards Pertaining To Construction, Modifications, Alterations To The Premises And ADA Improvements

All the foregoing requests for information are designed to elicit information which is relevant to the subject matter in the pending lawsuit. The discovery requests not only appear calculated to lead to the discovery of admissible evidence, but seek information and documents which would in fact be themselves admissible. Fed.R.Civ.P.26 (b)(1). Defendant's blanket objections that the discovery is overbroad, harassing, unduly burdensome and seeks information which is not relevant or not reasonably calculated to lead to the discovery of admissible evidence, entirely lack merit.

With respect to portions of a facility which pre-existed the ADA and in which no alterations or new construction have been effected, the regulations set forth a different standard. 28 C.F.R. Subpart 36.304 requires the facility to remove architectural barriers "where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." The regulations set forth an inexhaustive list of barrier removal, including: installation of ramps, curb cuts in sidewalks and entrances, repositioning shelves, rearranging tables, chairs, vending machines, display racks and other furniture, repositioning telephones, widening doors and doorways, elimination of turnstiles or creating alternate accessible pathways, installation of grab bars, rearrangement of toilet partitions, insulation of lavatory pipes, repositioning toilet paper dispensers, raising toilet seats, creation of accessible parking.

As explained in 28 CFR Section 36.104, "readily achievable" within the meaning of the Americans With Disabilities Act of 1990 means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable the factors to be considered include:

1. <u>The nature and cost of the accommodation at issue:</u>

2. <u>The overall financial resources of the sites involved in the action</u>: the number of persons employed at the site or sites involved in the action; the number of persons employed at the site; <u>the effect on expenses and resources</u>; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site (emphasis added).

3. The geographic separateness, and the administrative or <u>fiscal relationship of the site in question to any parent corporation or entity with respect to the number of its employees</u>; the number, type and location of its facilities; and

4. If applicable, the <u>overall financial resources of any parent corporation or entity</u>; and

      5.      If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity.

28 C.F.R. ▪ 36.104 (emphasis added).

Whether the removal of the architectural barriers is "readily achievable" is a key, if not the most crucial issue to be resolved at trial. Central to the resolution of that issue is the financial resources of Defendant, and Defendant's financial ability to readily remove the architectural barriers.

In this regard, Defendant has refused to answer all discovery inquiries regarding revenue derived from the property, financial information, mortgages, number of employees, and lease revenues.

These discovery requests are entirely relevant to the overall financial resources of the Defendant in determining whether the implementation of ADA compliance is readily achievable. The Code of Federal Regulations explain that the overall financial resources of the sites involved in the action, and the effect that the removal of the architectural barrier would have on the expenses and resources of the defendant are factors to be considered by the Court.

Therefore, the Defendant's financial statements, general ledgers, income tax returns, and other financial documentation being requested by the Plaintiff are relevant. While Plaintiff can obtain its own expert to formulate opinions as to whether Defendant's property is in violation of the Americans with Disability Act Accessibility Guidelines (ADAAG), or the cost of the repairs needed to bring Defendant's property into ADA compliance, Plaintiff's expert cannot express meaningful opinions as to Defendant's financial ability to make the repairs unless Plaintiff is provided through discovery the requested financial records of the Defendant.

The records requested from the Defendant are limited in time, and therefore, should not be burdensome for Defendant to produce. Additionally, the Americans with Disabilities Act, enacted in 1990, gave Defendant until 1992 to remove the architectural barriers, and bring its property into compliance. Therefore, the Defendant's financial ability to remove the barriers, and bring its property into compliance, is relevant.

D. **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the instant motion to compel and require Defendant to provide full and complete responses to all outstanding discovery.

**Certificate of Conference**

I hereby certify that I attempted to speak to opposing counsel, John Hopkins, Esq., by telephone on August 25, 2017, in a good faith attempt to resolve the issues raised in the Motion, but was unable to reach him. I will continue to contact Mr. Hopkins in an effort to resolve this Motion and will notify the Court of the result.

Dated: August 17, 2017.

                                  Aaron Finesilver, Of Counsel
                                  Thomas B. Bacon, P.A.
                                  100 N. Biscayne Blvd., Suite 1300
                                  Miami, FL 33132
                                  Telephone: (305) 702-8355
                                  Fax: (305) 503-7374
                                  Aaron@finesilverlaw.com
                                  Florida Bar Number: 577022

                                By: /s/ Aaron Finesilver
                                     AARON FINESILVER, ESQ.

                                  Thomas B. Bacon, Esq.
                                  Thomas B. Bacon, P.A.
                                  644 North Mc Donald St.
                                  Mt. Dora, FL 32757
                                  ph. (954) 478-7811
                                  tbb@thomasbaconlaw.com
                                  Florida Bar. Id. No. 139262

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record this 5th day of July 2017.

/s/ Aaron Finesilver
AARON FINESILVER, ESQ.