UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No.: 17-CV-14041 – Martinez/Maynard

PATRICIA KENNEDY, individually

    Plaintiff,

vs.

WILLIAM D. MCKNIGHT, individually;
KATHRYN A. MCKNIGHT, individually

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW ON MOTION TO COMPEL DISCOVERY

DEFENDANTS, **WILLIAM D. MCKNIGHT** and **KATHRYN A. MCKNIGHT** ("MCKNIGHTS") by and through their undersigned counsel files this their Response to Plaintiff's Supplemental Memorandum of Law on Motion to Compel Discovery and state as follows:

### FACTS

1.    Plaintiff served her Amended Complaint on Defendants for Injunctive Relief under the American with Disabilities Act ("ADA") 42 U.S.C. § 12181 et seq. on April 12, 2017 claiming general ADA violations at a Ft. Pierce Truck Stop.

2.    On October 10, 2017 the Parties attended a telephonic hearing before Magistrate

Judge Shaniek M. Maynard wherein she provided Plaintiff with a further opportunity to provide

the Court with a Supplemental Memorandum of Law on their Motion to Compel Discovery regarding Interrogatory No. 17 served on Defendants.

3.     Defendants timely filed their Objection to Interrogatory No. 17 as irrelevant, overbroad and unduly burdensome on July 27, 2017.

### DISCUSSION AND MEMORANDUM OF LAW

4.     Plaintiff argues that because they have set forth a boilerplate claim in their Amended Complaint that "Defendants fail to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled", they are now entitled to identification of all places of public accommodation ever owned, operated or leased by Defendants that have been subject to an ADA lawsuit. Defendants contend that the aforesaid is not reasonably calculated to lead to the discovery of admissible evidence for the following reasons:

    a.     Plaintiff provides no reasonable timeline nor time limitation in its demand which appears to be overbroad on its face as the Defendants are 70 years of age;

    b.     Plaintiff provides no State nor District nor U.S. Territory limitation in its

decades past and far away property has some bearing in the case at hand and their injunctive relief claim at a Ft. Pierce Truck Stop. Plaintiff claims that she is searching for evidence of a continuing practice or pattern but does not set forth what statutory text of the ADA that they are traveling nor how such a fishing expedition may force an injunction of Defendants' Truck Stop. Although the scope of discovery is broad, the discovery rules do not permit the parties to go on a fishing expedition. Porter v. Ray, 461 F. 3d 1315, 1324 (11th Cir. 2006).

      6.     Pursuant to FRCP 26 (b) (2) (C) the Court must limit the extent of discovery if it determines that:

      (i)     the discovery sought is unreasonable, cumulative or duplicate, or can be obtained from some other source that is more convenient, less burdensome or less expensive;

      (ii)     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

      (iii)     the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

      a.     In the case at hand, Plaintiff can easily search the Southern District of Florida records for other cases involving Defendants however, Plaintiff has not provided how this particular discovery relates to making their injunction claim.

      b.     Defendants filed their expert inspection report (DE34) which reflects that Plaintiff's allegations are predominantly false. Plaintiff now chastises Defendants for providing the Court with the truth, that the expert report reflects a pre-ADA facility requiring diminutive remedial work such as relocation of a few service racks and a reconfigure of a bathroom door swing. Consequently, Plaintiff now claims to need such irrelevant discovery of other ADA lawsuits in order to defend against arguments that Defendants have never made.

7. Since Plaintiff has found that their allegations for injunction have predominantly been proved to be false by Defendants' expert report, it appears Plaintiff is now trying to segue into some other claim outside of their ADA injunctive relief. There is no relevance to seeking discovery regarding other property that cannot and will not lead to a one count injunction claim against the Ft. Pierce Truck Stop which is a separate and distinct in rem action.

8. Plaintiff has cited many cases involving negligence, fraud, ponzi schemes, product liability, establishment clause violations, etc. but all of those cited cases are irrelevant to the objection surrounding Interrogatory No. 17 in our ADA action. Further, the question at hand is a discovery issue into Defendants' other properties. Instead, Plaintiff now argues that this case is a summary judgment mootness issue and relies on Sheely v. MRI Radiology Network, P.A., see generally 575 F. 3d 1173 (11th Cir 2007). The aforesaid case is a multi-count action against one MRI facility under the ADA, Rehabilitation Act and Florida Civil Rights Act as well as monetary damages in the spending clause legislation for federal funding recipients. Accordingly, the Sheely case has nothing to do with discovery issues surrounding any other of Defendant's properties nor injunctive relief of the subject property. Lastly and the only other ADA case cited by Plaintiff who relies heavily on Heinzl v. Cracker Barrel Old Country Store, Inc., No. 2:14-CV-1455, 2016 Lexis 58153, DE 113 (W.D. Pa. April 29, 2016) is easily distinguishable as same was a certified ADA class action against all Cracker Barrel Store locations in the United States. Obviously, the case at hand is not a class action involving subject properties nationwide. Likewise, the other summary judgment cases cited by Plaintiff never address the ADA discovery issue at hand.

## CONCLUSION

9. In Plaintiffs' one count injunctive relief claim, Plaintiff has only alleged architectural barriers she has encountered at this particular subject property. There is no causal

connection claimed or made by Plaintiff that the subject property herein is somehow connected to another of the Defendants properties that may have been subjected to an ADA lawsuit 25 years ago.  Plaintiff had provided no authority from a one count ADA injunctive relief claim where any other properties other than the subject property were open to such discovery.

The party resisting discovery has the burden to show that the requested discovery is not relevant and that the production of such discovery would be unduly burdensome. Benevides v. Velocity IQ, Inc. , No. 8:05-CV-1536-T-30, 2006 WL 680656 at 2 (M.D. Fla. March 15, 2006).

Therefore, the Defendants have met their burden and specifically shown how Interrogatory No. 17 from Plaintiff is irrelevant, unreasonable, overbroad and burdensome and that the potential harm in opening the discovery door to other properties takes a single count, single property injunctive relief case in an unprecedented and costly direction when Defendants are trying to reduce litigation costs.

WHEREFORE,  Defendants, McKnights  by and through their undersigned counsel request this Court sustain Defendants' objection to Plaintiff's Motion to Compel Interrogatory No. 17 and award Defendants their reasonable attorneys fees and costs for having to defend such action.

Respectfully submitted,
Dated:  October 12, 2017

**J. O. HOPKINS & ASSOCIATES, P.A.**
Attorney for Defendants
1515 N. Federal Highway, Suite 107
Boca Raton, Florida 33432
Telephone:  (561) 392-7000
jhopkins_fwf@bellsouth.net
johopkinslaw@yahoo.com