UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14041-CIV-MARTINEZ/MAYNARD

PATRICIA KENNEDY,

    Plaintiff,

v.

WILLIAM D. MCKNIGHT and
KATHRYN A. MCKNIGHT,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL [D.E. 27]

**THIS CAUSE** comes before this Court upon Plaintiff's Motion to Compel [D.E. 27]. Having reviewed the Motion and respective briefing, and hearing oral argument on the Motion, this Court denies in part and grants in part Plaintiff's Motion for the reasons set forth below:

    1.    On March 9, 2017, Plaintiff PATRICIA KENNEDY filed this action against Defendants WILLIAM D. MCKNIGHT and KATHRYN A. MCKNIGHT alleging violations of the Americans with Disabilities Act ("ADA"). On August 27, 2017, Plaintiff filed the above-referenced motion. Defendants filed a Response in Opposition on September 25, 2017 [D.E. 35]. Plaintiff did not file a Reply. On October 10, 2017, this Court conducted a telephonic hearing on the Motion to Compel. During the hearing, the parties indicated that they were finalizing a stipulation which resolves all of the discovery requests at issue except Interrogatories 17 and 18. Based on the parties' representations at the hearing, the Court also observes that the stipulation will not address Request for Admission #1. Given the parties agreement as to all other issues in the Motion to Compel, the Court denies the Motion to Compel as moot, except with respect to

Interrogatory #17, Interrogatory #18 and Request for Admission #1, which the Court addresses below.

2. Rule 26 of the Federal Rules of Civil Procedure—which governs the scope of discovery—provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 451 (1978). Courts are required to accord discovery a broad and liberal scope. *Millinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007); *see Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases). Where there is doubt over relevancy, discovery should still be permitted. *Fair Housing Ctr. Of the Greater Palm Beaches, Inc. v. High Point of Delray Beach Condo. Ass'n, Section 1, Inc.*, No. 05-81040, 2006 WL 8066685, at *3 (S.D. Fla. Oct. 23, 2006).

3. Keeping these dictates in mind, the Court first considers Interrogatory #17, which asks Defendants to "[i]dentify, by name and addresses, all places of public accommodation owned, operated, leased by or leased to [Defendants] . . . that have been the subject of a lawsuit pursuant to Title III of the Americans with Disabilities Act[.]" Defendant asserts that this request is irrelevant, overbroad, and unduly burdensome. It should be noted at the outset that objections which state that a discovery request is "vague, overly broad, or unduly burdensome" are, by

themselves, meaningless. To properly object on this basis, a party must explain the specific and particular ways that a request is vague, broad or unduly burdensome. *Millinazzo*, 247 F.R.D. at 695. Having reviewed the case law provided by Plaintiff, this Court will require Defendants to provide the requested information. Courts have upheld the rights of litigants to obtain information about prior and pending lawsuits and complaints against their adversaries in a variety of contexts. *Aguirrechu v. Walgreen Co.*, No. 13-1968, 2014 WL 12620836, at *1 (M.D. Fla. May 6, 2014) (evidence of prior lawsuits discoverable where limited to prior lawsuits arising out of similar facts and allegations); *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998); *Cornelius v. Consolidated Rail Corp.*, 169 F.R.D. 250, 252 (N.D.N.Y. 1996). Such information is routinely produced and deemed relevant. The request also does not appear to be overbroad. It is limited to lawsuits relating to ADA issues and the time limit is post-1991, which is when the relevant portions of the ADA were promulgated. Defendant's burdensomeness argument is also not persuasive. A party must make this showing "with particular and specific demonstration of fact and cannot rely on simply conclusory assertions about the difficulty of complying with a discovery request." *Coker*, 177 F.R.D. at 686. Further, the fact that a party could itself find the requested information from other sources is insufficient to avoid an obligation to produce. *Birster v. Am. Home Mortg. Servicing, Inc.*, No. 10-80735, 2012 WL 12854863, at *16 (S.D. Fla. Dec. 3, 2012). Defendants have not sufficiently established that the requested information would create an undue burden. As a result, Defendants will be required to respond to Interrogatory #17.[1]

4. Interrogatory #18 asks Defendants to "[i]dentify, by name and addresses, all places of public accommodation owned, operated, leased by or leased to [Defendants] . . . that have NOT been the subject of a lawsuit pursuant to Title III of the Americans with Disabilities Act . . . ."

---

[1] Because this Court grants Plaintiff's request for relief, this Court need not address Plaintiff's other relevance argument based on Defendants' anticipated mootness defense.

Defendants again assert that the discovery request is irrelevant, overbroad, and unduly burdensome. On this point, the Court agrees. Plaintiff has not identified how other properties owned by Defendants that have not been the subject of ADA lawsuits are relevant. While broad, discovery is not an unlimited license for a fishing expedition. *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 525 (N.D. Ga. 2012). The events at issue in this case bear no relation to other properties Defendants may own or lease. Therefore, the Court sustains Defendants' objection to this discovery request.

5. Request for Admission 1 requests Defendants to "[a]dmit or deny that the provisions of the Americans with Disabilities Act and certain of the Federal Regulations enacting the Americans with Disabilities Act . . . apply to this action." Federal Rule of Civil Procedure 36 governs requests for admission. The purpose of the rule is to "expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002). Rule 36(a) allows a litigant to serve on another litigant "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). While Rule 36(a) allows a party to request an admission that applies law to fact, a party may not seek an admission as to a pure conclusion of law. *Gross v. Guzman*, No. 11-23028, 2013 WL 12091159, at *10 (S.D. Fla. Jan. 25, 2013); *see also Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Authority*, 234 F.R.D. 1, 3 (D.D.C 2006) ("In 1970, Rule 36 was amended to allow for requests applying law to fact . . . It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion."); *Hanley v. Como Inn., Inc.*, No. 99-1486, 2003 WL 1989607, *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion."); *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100,

108 (D. Del. 2002) ("[R]equests that seek legal conclusions are not allowed under Rule 36."). Of course, "the distinction between a request that impermissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw." *David v. Katz*, No. 94-3989, 2000 WL 1682999, at *2 (E.D. La. Sept. 26, 2000). This Court finds, however, that to request that a defendant admit it was subject to a particular statute is to ask it to answer a legal conclusion. *See Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (suggesting that a request for admission seeking to have the defendant admit that, as a former Playboy Playmate of the Year, she was a "public figure" impermissibly required defendant to draw a legal conclusion). Accordingly, the Court will not require Defendant to answer Request #1.

## CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel [D.E. 27] is **GRANTED IN PART AND DENIED IN PART**. Defendants shall answer Interrogatory #17 no later than October 27, 2017.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of October, 2017.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE